Gaston, J.
 

 The third section of the 15th chapter of the Revised Statutes is very positive in declaring, that when one of the parties shall have given notice to the other, who seeks to establish a “ book debt” in the manner therein authorized, requiring the book to be produced on the trial, no copy thereof
 
 “
 
 shall be received or admitted as evidence.” There is no room to doubt that this provision applies to all the cases previously mentioned in the chapter as cases of “Book debts.” Now, if we admit, which is by no means eertain, that the accidental destruction or loss of the book •constitutes an exception from this precise enactment, it cannot be conceded that a voluntary destruction of the book, by him who offers a copjq comes within the reason of such an exception. If the slips of paper, on which ihe defendants kept their accounts, are to be regarded, under the equi
 
 *446
 
 (y 0f the statute, as their book, they were bound
 
 to
 
 produce the original on the trial. If they do not come within the P111’™™' °f the statute, neither the original nor a copy was evidence.
 

 The agreement between the defendants and the plaintiff is expressed to be “for,his work for twelve months at the shoe-making business and other things when called on, for the price of ¡$50, ten dollars to be paid when the time is half out, and the balance when the year is outand to it is subjoined a memorandum in these words, “ if cant agree, part and pay according to what he is worth not considered to be worth as much the first as last.” The agreement is not to work for two successive periods of six months each, at the price of ten dollars for the first — and forty dollars for the second period, but an agreement to work one year for fifty dollars, with a stipulation to receive a partial payment at the end of six months. And the proper construction of the clause, providing for a case of disagreement and separation before the year should be out, is, that the plaintiff should receive a fair price for his services, estimating their value at $50 for a' year, and making reasonable deductions because of their being less valuable in the beginning than when he had become more expert in his business. But the defend, ants contended, that under the agreement the plaintiff was to be paid $10 for the first six month’s labor, and forty dollars for the second ; and that the parties having separated before the last term had expired, he was entitled to receive, in addition to the $10, but a rateable part of the $40, on account of the portion which he served of the last term — and that in estimating this rateable part each months labor was to be priced as being worth less than the next succeeding one of that term. Now we think his Honor might very properly have rejected both the contraction and the inferences drawn from it — but, assuming the construction, as he did hypothetically, we do not see that he then erred in his conclusion. If the agreement fixed the
 
 value
 
 of the servi'ces at $10 for the first six, and $40 for the last six months, .the stipulation that .in .the event.of parting he should be paid
 
 *447
 

 what he is worth,
 
 but
 
 “
 
 not to be considered to be worth as much the first as last,” would seem to refer to the two parts of
 
 the
 
 year, for which his labor had been severally priced as aforesaid. We see no error, of which the defendants can complain, and are of opinion, that the judgment should be affirmed.
 

 Per Curiam. Judgment affirmed.